## CADILLAC SERVICE GARAGE v. SHUSHAN

(May 27, 1929. Opinion and Decree.)

Herman L. Mildo, of New Orleans, attorney for plaintiff, appellant.

H. W. Kaiser and John E. Hammel, Jr., of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Norbert Conzelman, doing business under the name of Cadillac Service Garage, sues defendant for $212.94, claimed as a balance due for overhauling defendant's Cadillac automobile. A contract was entered into under which the repairs were to be made, including the furnishing of new parts. The contract, except for the price thereof, was contained in two letters written by plaintiff to defendant, and which letters reads as follows:

"Jan. 23/28
"Mr. Abe Shushan
"522 Canal St.
"Dear Sir:
"Inclose you will find copies estimates for your 63 Cadillac Sedan all estimate stating all operations for motor; chasses and upholstery, with all this work I will guarantee to be first class and have your car in a number one shape I find all these items mentioned in estimates necessary, unless you care to scratch off what you see fit.
"Yours truly
"Cadillac Service Garage
"N. Conzelman 1427 Washington Ave."

"Mr. Abe Shushan
"522 Canal St
"New Orleans.
"Dear Sir:
"This is to certify that I will garentee all work done by me on your 63 Sedan Cadillac, and to replace anything do to poor workmanship on my fault, with the understanding that chains and valves after one year is no claim, and that all work should be in first class shape for (2) years.
"N. Conzelman,
"Cadillac Service Garage
"1427 Washing Ave"

Plaintiff contends that the price agreed upon was $327.75, while defendant maintains that it was $305.15.

The parts were furnished and installed and the repair work was done. Immediately after defendant received his car from plaintiff, who had had it under repairs for about a month, it began to give trouble, and, for the next four months, defendant was constantly returning it to plaintiff and complaining about its poor condition and operation. On the total bill of $327.75 defendant had been allowed a credit of $14.81 and $100 cash paid on account. Plaintiff constantly attempted to repair the defects, but finally it became apparent that he could not do so and defendant traded his car in on account of the purchase price of a new one, which he bought from the Romain-Manford Cadillac Company. In making the trade the Romain-Manford Company went thoroughly over defendant's car and advised him that it would cost $152.75 to put it in condition and they therefore deducted this amount from the trade-in allowance. Defendant thereupon attempted to settle with plaintiff on the following basis:

Contract Price .................................................. $305.15
Allowance ................................................. $ 14.81
Credit ................................................. 100.00
Amount necessary to put car
   in condition ............................. 152.75
                                          ——————— 267.56
                                          ———————
Balance due ........................... $ 37.59

This balance defendant deposited in the registry of the court and admitted his liability therefor:

Plaintiff contends that he was at all times ready and willing to put the car into perfect condition, but that the defendant made it impossible for him to do so by reason of the fact that he traded the car in to another dealer.

We are of the opinion that defendant was well within his rights in disposing of the car. He had left it with the plaintiff for about a month and, during the following four months, had often turned it over to plaintiff to complete the repair work. He was not under obligation to leave it with him permanently. In view of the fact that the repairs were not satisfactorily made within a reasonable time, and that, as a result of the condition of the car, the value thereof was $152.75 less than it should have been, it seems to us that the defendant acted properly in making the deductions which he did. Had defendant made proper showing of tender of the balance due, we would feel justified in holding plaintiff liable for the costs, but this issue was not raised, and therefore, we think it proper merely to affirm the judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.